UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA



KATHLEEN M. WILSON
Plaintiff

CIVIL ACTION

VERSUS

HEINEKEN USA
Defendant

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Plaintiff Kathleen M. Wilson is a citizen of Louisiana.

Defendant Heineken USA is a foreign corporation with a principal place of business in White Plains, New York.

2. The parties are citizens of different states.

3. The amount in controversy exceeds $75,000.

4. Venue is in this district because plaintiff resides in this district and the actions giving rise to the claims occurred within this district.

### II. PARTIES

5. The complainant is a citizen of the United States, a resident of the Parish of East Baton Rouge, State of Louisiana, at all material times, and person of the full age of majority.

6. The defendant is HEINEKEN USA a foreign corporation with a principal place of business in White Plains, New York.

### III. STATEMENT OF THE FACTS

7. Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on person knowledge the following, to-wit:

8. Defendant Heineken USA ("Defendant") manufactures, labels, markets, and sells Heineken 0.0 under the Heineken brand ("Product")

9. Defendant is one of the world's largest beer manufacturers.

10. Defendant is known as a microbrewer across 192 countries with over 25 million Heinekens served each day.

11. Defendant only promotes the Product's 0.0 content in its labeling and marketing, such as on its website, advertisements, and packaging.

12. The representations are misleading because they give consumers the impression the Product is completely free of any alcohol.

13. The fact of the matter is that Heineken 0.0. does contain alcohol in the amount of less than 0.03% alcohol.

### IV. FEDERAL REGULATIONS REQUIRE FRONT LABEL TO DISCLOSE THE ALCOHOL CONTENT

14. Federal and identical state regulations require a product's front label to contain a common or usual name which accurately identifies or describes, "in as simple and direct terms as possible, the basic nature of the food or its characterizing properties or ingredients." 21 C.F.R. §102.5(a); Louisiana Unfair Trade Practices Act (LUTPA) was enacted in 1972 LA. R.S. 51:14:1401-18.

15. The Act makes unlawful all unfair or deceptive trade practices or methods of competition. The legislation is designed to afford redress to any party harmed by such conduct, whether the injured claimant is categorized as a "consumer" or "businessman." The narrow definition of

"consumer transaction" which appears at the onset of the Act has no significant effect on the broad proscription of unlawful conduct nor on the remedies provided for parties injured thereby.[1]

16. The pertinent language is "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

17. Most states have enacted unfair trade practices statutes which are known as little FTC acts since they are derived from the Federal Trade Commission Act which was originally enacted in 1914 when Congress declared unfair methods of competition unlawful.

18. Defendant's representations violate 21 U.S.C. § 343(A)(1) which deem a food misbranded when the label contains a statement that is "false or misleading."

19. The Product's common or usual name is false, misleading, and deceptive because when consumers purchase and/or consume this product it is under the pretense that it contains NO alcohol.

20. Although defendant's Product maintains that their product contains 0.0 alcohol there should be a label on the product informing consumers of the actual alcohol content.

21. There are consumers who do not wish to ingest even the miniscule amount of alcohol contained in the product.

22. Consumers should be given that option by being fully informed of the ingredients (i.e. alcohol content) in the product even if contain less than .03 alcohol.

### V. CONCLUSION

23. Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of the Product, relative to itself and other comparable products or alternatives.

---

[1] Louisiana Law Review Vol. 34 No. 3 pg 634

24. Had plaintiff known that the Product contained any amount of alcohol, she would not have consumed it.

25. The representations made by defendant regarding their product being truly alcohol free is a misleading representation.

## VI. LOUISIANA UNFAIR TRADE PRACTICES ACT
### LA. R.S. 51:14:1401-18
### Consumer Protection Statute

26. Plaintiff incorporates by reference all preceding paragraphs.

27. Plaintiff desired to purchase a product that contained absolutely NO alcohol.

28. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

29. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

30. Plaintiff relied on the representations.

31. Plaintiff would not have purchased the Product if the true facts had been known, suffering damages.

## VII. VIOLATION OF STATE CONSUMER FRAUD ACTS
### (ON BEHALF OF THE CONSUMER FRAUD MULTI-STATE CLASS)

30. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

31. Defendant intended that plaintiff rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

32. As a result of defendant's use or employment of artifice, unfair or deceptive acts or business practices, plaintiff have sustained damages in an amount to be proven at trial.

4

33. In addition, defendant's conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

### VIII. BREACHES OF EXPRESS WARRANTY, IMPLIED WARRANTY OF MERCHANTABILITY AND MAGNUSON MOSS WARRANTY ACT, 15 U.S.C. §§2301, et seq.

34. The Product was manufactured, labeled, and sold by defendant and expressly and impliedly warranted to plaintiff that it was alcohol free.

35. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

36. This duty is based on Defendant's outsized role in the market for this type of Product.

37. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers, and their employees.

38. Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices.

39. The Product did not conform to its affirmations of act and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

40. Plaintiff would not have purchased the Product if the true facts had been known, suffering damages.

### IX. NEGLIGENT MISREPRESENTATION

41. Defendant had a duty to truthfully represent the Product, which it breached.

42. This duty is based on defendant's position, holding itself out as having special knowledge and experience in this area, as custodian of the Heineken brand.

43. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a nationally recognized and trusted brand.

44. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

45. Plaintiff would not have purchased the Product if the true facts had been known, suffering damages.

## X.   FRAUD

46. Defendant misrepresented and/or omitted the attributes and qualities of the Product that it was alcohol free.

47. Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

## XI.   UNJUST ENRICHMENT

48. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## XII.   JURY DEMAND AND PRAYER FOR RELIEF

Plaintiff demands a jury trial on all issues.

WHEREFORE, Plaintiff prays for judgment:

1. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

2. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement pursuant to the applicable laws;

3. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims.;

4. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

5. Other and further relief as the Court deems just and proper.

Dated:   November 1, 2021

                                              RESPECTFULLY SUBMITTED:

                                              /s/ Kathleen M. Wilson
                                              KATHLEEN M. WILSON, 28836
                                              1762 Dallas Drive
                                              Baton Rouge, LA 70806
                                              TEL: (225) 923-8237
                                              FAX: (225) 923-8236